# Davis *v.* Rice.

*Action on Note given for Rent.*

1. *Consideration of note for rent; fraud, or duress.*—A promissory note, or written instrument under seal in the form of a note, by which the defendant in ejectment promises to pay plaintiff a specified sum for the rent of the premises, to prevent being turned out of possession under a writ of restitution, then in the hands of the sheriff, is supported by a valid and legal consideration, and is not tainted with fraud, duress, or other illegality.

2. *Same; want of title in landlord.*—If the defendant, having given his note for the rent as above stated, can be heard to say that the plaintiff had no title to the land, that defense is not established by the record of the ejectment suit, which merely shows that the judgment in favor of the plaintiff was set aside on application for a statutory rehearing, and that he afterwards took a nonsuit; for the nonsuit may have been taken because the defendant had attorned to him by promising to pay rent.

AAPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by Columbus E. Rice, against Ely Davis, and was commenced by attachment sued out on the 18th October, 1886. The action was founded on the defendant's promissory note, or writing under seal in the form of a note, which was dated June 8th, 1886, and in these words: "I hereby agree to rent, and have by these presents rented, for the year 1886, the following tract of land from Columbus E. Rice—namely, the west half of the south-west quarter of section 7, T. 17, R. 10; and I agree to pay him, on October 1st, the sum of $75 for the rent of said land." The defenses set up, and the evidence in relation to them, are stated in the opinion. On all the evidence adduced, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendant excepted to this charge, and he here assigns it as error.

[Davis v. Rice.]

E. A. Powell, for appellant.

Wood & Wood, *contra.*

McCLELLAN, J.—This is a suit on a rent note. Two lines of defense seem to have been attempted: One, that the execution of the note was coerced by threats of dispossession of the land for the rent of which it was given; and the other, that the plaintiff had no title to the land for which the defendant agreed to pay him rent. The general charge in favor of the plaintiff was given, and the exception to this action of the court constitutes the only point reserved for our consideration. Pretermitting inquiry as to whether the first defense indicated should have been heard in the absence of a sworn plea, and as to whether the defendant was estopped, in consequence of the relation his execution of the note created between him and the plaintiff, to interpose the other defense referred to, the case will be considered as if these issues were properly presented.

The only evidence offered to show that the defendant's signature was obtained by undue means, was to this effect: The plaintiff in this action recovered, in another suit against this defendant, a judgment for the land the rent of which is involved here. A writ of restitution issued, and was placed in the hands of the sheriff, who, accompanied by the plaintiff, went to the premises, for the purpose of executing the writ, and putting plaintiff in possession. What there occurred is related by the defendant, who is corroborated by his wife, as follows: "That at the time the note was given, the deputy-sheriff and plaintiff came to his house, the deputy having a writ of possession of said premises; that said deputy told him that it was his duty under the writ to put plaintiff in possession, and that if he, the defendant, did not get out, it would be his duty to put him out; that he then had some conversation with the plaintiff, and that the plaintiff told him that he would take seventy-five dollars rent for the place, and if he did not want to rent, the deputy-sheriff would have to put him out; that rather than he and his family should be turned out, he executed and delivered the note to the plaintiff." It needs no argument, we think, to demonstrate that this state of facts involves no element of fraud, coercion, or other illegal or undue means, applied by plaintiff in securing the execution of the paper. On the contrary, it is patent that the paper was, in legal contemplation, freely and willingly

signed, for the purpose of securing to the defendant the continued possession of the land, which was on the point of being taken from him under a regular and subsisting judgment of a competent court.

In support of the defense of a want of title to the land in the plaintiff, the record of the ejectment suit was put in evidence. This showed, in addition to the judgment referred to above, that afterwards, and subsequent to the execution of the note sued on, the defendant had filed his petition for a rehearing of the cause under section 2872 of the Code, on the ground of accident and mistake; that the rehearing had been granted; and that upon the case again coming on for trial, the plaintiff took a non-suit, and judgment was entered against him for the cost. The reasons which induced this course on the part of the plaintiff, are not disclosed, nor are they, of course, at all material. It may well have been on the ground, that he had already through his tenant, the defendant, the possession which he claimed in that action. Be this as it may, the record put in evidence shows only that plaintiff instituted and dismissed an action for the recovery of this land. These facts have no tendency to show title in the defendant here, or want of title in the plaintiff. Plaintiff's case was made out by the introduction of the note. Taking as true every fact which the evidence for the defendant tended to prove, no defense was established; and the court properly charged the jury that, "if they believed the evidence, they must find for the plaintiff."

Affirmed.